Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dees, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Resurgent Capital Services, LP and LVNV Funding, LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff David Dees ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendants Resurgent Capital Services, LP ("Resurgent") and LVNV Funding, LLC ("LVNV") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Class Action Complaint - 1

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendants transact business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

Class Action Complaint - 2

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

9. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

10. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her

right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

11. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

12. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

**PARTIES**

13. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Resurgent is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(6).

16. Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. LVNV is an entity who acquires debt in default merely for collection purposes.

18. LVNV, at all relevant times, was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

20. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Resurgent.

21. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card account (the "Debt").

22. Resurgent uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

23. Resurgent is a manager and servicer of consumer debt portfolios for LVNV.

24. In addition to its direct collection activities, Resurgent outsources the collection of LVNV accounts to other third party debt collectors.

25. Specifically, Resurgent regularly outsources the collection of LVNV accounts to Frontline Asset Strategies, LLC ("Frontline").

26. LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

27. LVNV acquires defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

28. The principal purpose of LVNV's business is debt collection.

29. LVNV has no other substantial business purpose except to acquire debts and profit from collected debts.

30. LVNV acquired the Debt after it was alleged to be in default.

31. At all relevant times, Resurgent acted on behalf of LVNV to collect or attempt to collect the Debt from Plaintiff.

32. In connection with the collection of the Debt, Frontline, itself and on behalf of LVNV, sent Plaintiff written communication dated December 19, 2018.

33. A true and correct copy of the December 19, 2018 letter is attached as Exhibit A.

34. The December 19, 2018 letter was Frontline's initial communication with Plaintiff with respect to the Debt.

35. The December 19, 2018 letter purported to contain the notices required by 15 U.S.C. § 1692g(a).

36. On January 2, 2019, Plaintiff sent Frontline a written dispute of the Debt.

37. Upon information and belief, Frontline received Plaintiff's timely written dispute.

38. To date, Frontline has not responded to Plaintiff's January 2, 2019 written dispute.

39. In connection with the collection of the Debt, Resurgent, itself and on behalf of LVNV, sent Plaintiff written correspondence dated January 15, 2019.

40. A true and correct copy of the January 15, 2019 letter is attached as Exhibit B.

41. The January 15, 2019 letter was Resurgent's initial communication with respect to the Debt.

42. Resurgent's January 15, 2019 letter sought payment for the Debt in the amount of $656.46. Exhibit B.

43. Resurgent's January 15, 2019 letter therefore constituted an attempt to collect a debt and triggered a duty in Resurgent to comply with 15 U.S.C. § 1692g.

44. The January 15, 2019 letter does not contain the notices required by 15 U.S.C. § 1692g(a)(3)-(5). Exhibit B.

45. Resurgent did not provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5) in writing within five days of its initial communication with Plaintiff.

## CLASS ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all factual allegations above.

47. Resurgent's January 15, 2019 letter is based on a form or template used to send collection letters (the "Template").

48. Upon information and belief, Resurgent uses the Template when responding to written disputes sent by consumers to other third-party debt collectors collecting on LVNV accounts.

49. The Template does not contain the notices required by 15 U.S.C. § 1692g(a)(3)-(5).

50. Upon information and belief, Resurgent does not send the notices required by 15 U.S.C. § 1692g(a)(3)-(5) in writing within five days of sending of the Template in connection with a response to a written dispute by a consumer to a third-party debt collector collecting on an LVNV account.

51. Within the year prior to the filing of the original complaint in this matter, Defendant has used the Template to send collection letters to over 40 individuals in the United States in response to a written dispute sent to Frontline.

52. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons in the United States to whom Resurgent sent an initial letter based upon the Template in response to a written dispute sent to Frontline, within one year before the date of this complaint, in connection with the collection of a debt alleged to be owed to LVNV.

53. The class is averred to be so numerous that joinder of members is impracticable.

54. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

55. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

56. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of

law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

57. Plaintiff's claims are typical of those of the class he seeks to represent.

58. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

59. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

60. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

61. Plaintiff is willing and prepared to serve this Court and the proposed class.

62. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

63. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

65. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

68. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little

litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)
## RESURGENT

69. Plaintiff repeats and re-alleges each factual allegation above.

70. Resurgent initiated collection activities against Plaintiff through its January 15, 2019 letter.

71. Resurgent violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Resurgent violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)
## LVNV

72. Plaintiff repeats and re-alleges each factual allegation above.

73. Resurgent violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

74. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Resurgent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Resurgent violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class he seeks to represent;

c) Adjudging that LVNV is liable to Plaintiff and the class he seeks to represent for Resurgent's violations;

d) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

f) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

g) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

h) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 15, 2019

Respectfully submitted,

<u>s/ Russell S. Thompson, IV</u>
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff